This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41348**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RODNEY HODGES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, Jr., District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant is appealing his conviction for criminal solicitation to commit bribery of a witness. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Issues 1, 3-5: Defendant's memorandum in opposition does not raise any new arguments on these issues. We therefore deem them to be abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a

case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

{3}     Issue 2: Defendant continues to claim that the district court erred in excluding a letter that Defendant wrote to his wife. [MIO 2] In this letter, quoted in the docketing statement, he appears to show remorse for having earlier solicited his wife to commit bribery of a witness. [DS 3-4] Our calendar notice proposed to hold that the letter constituted hearsay, and in any event Defendant had not been prejudiced because the district court changed its ruling, admitting the letter into evidence. [DS 7] We therefore also proposed to hold that Defendant has not established prejudice. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

{4}     In Defendant's memorandum in opposition, he states that the judge did not rule on the hearsay objection, and the letter could have come in under the residual exception to the hearsay rule. *See* Rule 11-807(A) NMRA. That catch-all exception applies when several requirements are satisfied, none of which exist here. In addition to being self-serving, the letter is not relevant because the crime of solicitation was complete by the time Defendant completed his phone call with his wife, where he had asked his wife to commit bribery of a witness. [RP 232] Therefore, Defendant has still not established that any error occurred, or that he was prejudiced by the error.

{5}     For the reasons set forth above, we affirm.

{6}     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**